EDWARD ENGLISH, RESPONDENT, v. CONTINENTAL FOLD-
ING PAPER BOX COMPANY, INCORPORATED, APPEL-
LANT.

Submitted December 11, 1922—Decided March 5, 1923.

1. An objection to the admission of evidence, to be available on ap-
   peal, must point out a precise and definite ground of objection.
2. Whether, in the absence of a plea setting up a condition prece-
   dent which defendant means to contest, the plaintiff is required
   to establish a *prima facie* case, is unnecessary to decide, inasmuch
   as in this suit a *prima facie* right to recover was shown.

On appeal from the Supreme Court.

For the appellant, *Wendell J. Wright.*

For the respondent, *Seufert & Elmore.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This was a suit in the Supreme
Court in which plaintiff sought to recover the contract price
of excavating, filling, grading and rolling on a certain street
in Ridgefield, in manner acceptable to the borough council
as satisfactory for macadamizing or paving.   The defence
was that plaintiff failed, neglected and refused to perform the
work and that defendant would be obliged to complete and
pay for it.

The case came on for trial at the Bergen Circuit and
resulted in a verdict for plaintiff, who had judgment thereon,
and defendant appeals to this court.   The grounds of appeal
are (1) the court erred in refusing to direct a verdict for
defendant; (2) a certain question (stating it) was admitted;
(3) the court refused to charge defendant's first request, and
(4) refused to charge defendant's second request.   Both of
these requests were for binding instructions to the jury to
find a verdict for defendant because plaintiff had not proved
his case, having failed to show compliance with the terms of

the contract and because it affirmatively appeared that the contract had not been completed according to its terms. There are, therefore, but two questions raised on this appeal (1) erroneous admission of evidence, and (2) failure to direct a verdict for defendant.

*First.* As to the question to which objection was made. James English, a witness for plaintiff, who testified that he was always on the job and kept the time, was shown the time book and the following occurred: Question—"Just look at that and tell us the dates the steam roller was there." Counsel—"I object to that." The Court—"I will allow it." Counsel—"Exception." It will be observed that no ground of objection whatever was suggested as to why this question was inadmissible, and it is both a general rule of practice (*Semkin* v. *Hollander,* 82 *N. J. L.* 485) as well as a written rule of court (Supreme Court rule 144), that such an objection, to be available, must point out a precise and definite ground of objection. The question was properly admitted.

*Second.* As to direction of a verdict for defendant, both on the motion, and in the requests for binding instructions, therefor. Defendant contends that the work was not rolled, the excavation had not been made, the work had not been done to the satisfaction of the borough council; and that this appeared by plaintiff's evidence, the testimony of Eckerson, borough engineer, being relied on to show this. He testified that the council accepted the work as satisfactory for macadamizing, with exception as to excavating on the westerly end and rolling, about half the work being rolled. James English, however, testified the excavation was done and that all the street was rolled except fifty feet on the end, and that the fifty feet were not rolled because there were planks on it which defendant's secretary told him to leave there as the ground was soft. There was also evidence that the engineer gave a certificate for pay for the work actually done by the plaintiff and that the borough had macadamized the street. Therefore there was evidence to go to the jury upon the question of plaintiff's performance of the contract.

Defendant contended on the trial that the borough had not accepted the work, and the plaintiff was, therefore, not entitled to recover. The plaintiff replied that the defendant had not specified in its answer the non-acceptance by the borough as a condition precedent which he intended to contest, under the statute. *Practice act, Comp. Stat., p.* 4089, § 118. The trial judge ruled that unless the defendant pleaded a condition precedent which it intended to contest, the question was not at issue, and he offered the defendant an opportunity to amend its answer in that regard, which defendant declined; and contends, not without reason, that even in the absence of specification of a condition precedent which it intends to contest, nevertheless, the plaintiff is required under the decision of this court in *Turner* v. *Wells,* 64 *N. J. L.* 269, to establish a *prima facie* case. But, as such a case was established, as already mentioned, it is unnecessary for us to decide the application of the doctrine of Turner v. Wells to the question *sub judice.* While failure to specify defences after demand therefor was the matter considered in Turner v. Wells, still, it is not perceived that there is any difference in principle between that default and failure to plead non-performance of a condition precedent. On the latter question see *Orr Trucking Co.* v. *Metropolitan, &c., Co.,* 77 *Id.* 749.

The case was properly submitted to the jury, and as there was evidence justifying its verdict, the judgment entered thereon should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Kalisch, Black, Katzenbach, White, Gardner, Ackerson, Van Buskirk, JJ. 13.

*For reversal*—None.